IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| REZA VAFAIYAN, ) | |
| TDCJ #1361129, ) | |
| Plaintiff, ) | |
| ) | Civil No. 7:06-CV-140-O |
| v. ) | |
| ) | |
| CITY OF WICHITA FALLS, *et al.*, ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Came on this day to be considered Defendants' motions for summary judgment (Docs. No. 66 & 67) and Plaintiff's response and objections thereto (Docs. No. 86 & 87) and the Court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate currently confined in the Clements Unit of the Texas Department of Criminal Justice ("TDCJ") in Amarillo, Texas. Defendants are the City of Wichita Falls, Texas and law enforcement officials associated with the North Texas Drug Task Force. *Complaint ¶ IV.B.*

Plaintiff claims that, on August 9, 2004, he was subjected to an unlawful arrest and the unlawful search and seizure of his property. *Complaint ¶ V.* He further alleges that the Defendants conspired to bring unlawful criminal charges against him, that they utilized the media to slander him and ruin his reputation and that he was a victim of racial profiling which resulted in the alleged unlawful search, seizure and conviction. *See id.; Plaintiff's Answers to the Court's Questions No. 11, 16, 19 & 24.* He seeks monetary damages and such other relief as the Court deems just. *Complaint ¶ VI.* In their motions for summary judgment, Defendants argue, *inter alia*, that

Plaintiff's civil rights action is currently barred under the U.S. Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

This case arises out of Reza Vafaiyan's arrest and subsequent conviction for the offense of money laundering. *Vafaiyan v. State*, 279 S.W.3d 374 (Tex. App – Ft. Worth 2008, pet ref'd). The background and procedural facts involved in Vafaiyan's criminal case were set forth by the Second Court of Appeals as follows:

> From 2002 to 2004, police investigated Vafaiyan extensively for his multiple purchases of pseudoephedrine products from various grocery and drug stores. Vafaiyan was suspected of "smurfing," that is, frequently purchasing small quantities of pseudoephedrine-containing products from a large number of stores to amass an illegal amount of the product. Police suspected that Vafaiyan would then sell the pseudoephedrine products and other methamphetamine precursors to customers via clandestine transactions through his store, Krystal Mart.
>
> During a surveillance of potential smurfing in the area, several police officers detained Vafaiyan during a traffic stop on March 22, 2004, and an officer discovered a paper bag in plain view with pseudoephedrine-containing products inside. The officers arrested Vafaiyan during this stop. On April 23, 2004, police obtained but did not execute a warrant for Vafaiyan's arrest based on an earlier incident regarding his possession of methamphetamine. From April 25 to April 27, police tailed Vafaiyan from Wichita Falls to Shreveport and then back and observed him make several stops at retail stores. On April 27, police arrested Vafaiyan as he returned home from the trip. A search of Vafaiyan's vehicle resulted in discovery of six cases of starter fluid, twelve cases of pseudoephedrine products, five eight-packs of lithium batteries, and $2,100. Police executed more search warrants for his house, store, bank accounts, computers, and deposit account in Atlanta. The grand jury initially indicted Vafaiyan for possession of certain chemicals with intent to manufacture methamphetamine but later re-indicted him for money laundering.

*Vafaiyan*, 279 S.W.3d at 378. After his initial arrest on April 27, 2004, Vafaiyan posted bond and was released. *Defendant Ball's Motion for Summary Judgment,[1] Exhibit A at p. 1 (hereinafter "Ball's Exhibit ___ at p. ___ .")*. He was later observed purchasing pseudoephedrine products at

---

[1] Defendant Ball has titled his motion as a "second" motion for summary judgment. Review of the record in this case reveals that he previously filed a Rule 12(b)(6) motion to dismiss, however, the instant motion is Ball's first motion for summary judgment. For the sake of accuracy, the Court will refer to Ball's motion as his "motion for summary judgment" rather than second motion for summary judgment.

a Target store in Dallas which was reported to Defendant Ball. *Id.* On August 9, 2004, Ball, along with other law enforcement officers, went to Vafaiyan's place of business, the Krystal Mart. *Id at p. 2.* A search warrant was obtained and the store was searched. *Id.* Officers found a large amount of pseudoephedrine products. *Id.* Vafaiyan was arrested and charged with possession of certain chemicals with intent to manufacture methamphetamine. *Id.* The charge was later changed to the offense of money laundering due to the large amounts of cash recovered following the searches. *Ball's Exhibit B at p. 1.* Vafaiyan was convicted for the offense of money laundering and his sentence was assessed at life in prison. *Ball's Exhibit E at p. 1.*

When a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (reaffirming *Heck v. Humphrey*). The question of whether a civil rights action is barred by *Heck v. Humphrey* should be resolved before issues such as qualified immunity or the merits of a plaintiff's claims are addressed. *See Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008) (affirming district court's dismissal, which was based upon qualified immunity, but concluding that *Heck v. Humphrey* barred the complaint such that the court need not address the issue of qualified immunity).

During the preliminary screening process in this action, which was required under 28 U.S.C. § 1915, Plaintiff submitted a sworn statement to the Court indicating that he was not convicted of any criminal offense as a result of his arrest on August 9, 2004. *Plaintiff's Answer to the Court's*

*Question No. 8 (Doc. #8).* However, Defendants have presented evidence to the contrary. Defendants have provided summary judgment evidence demonstrating that Vafaiyan's money laundering conviction was based, in part, upon evidence seized during the search on August 9, 2004. *Ball's Exhibit A at p. 2.* The evidence seized that day was the basis for Vafaiyan's arrest. *Id.; Plaintiff's Answer to the Court's Question No. 5.* During his criminal trial, Vafaiyan sought to suppress the evidence seized during the search on August 9, 2004 along with the evidence seized in previous searches. *Ball's Exhibit A at p. 2 and Exhibit C at pp. 2 & 6-7; Defendant City of Wichita Falls' Motion for Summary Judgment, Appendix at pp. 1-2, 10 & 18 (hereinafter "Wichita Falls' App. at p. ___").* The motion to suppress evidence was denied. *Wichita Falls' App. at p. 44.* One of Vafaiyan's prosecutors, Dobie Kosub, has submitted an affidavit stating that Vafaiyan's conviction arose from the August 9, 2004 arrest. *Ball's Exhibit B at p. 2; Wichita Falls' App. at p. 50.*

In order to prevail on his claim of false arrest, Vafaiyan would have to demonstrate that Defendants lacked probable cause to arrest him. *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). Because Vafaiyan was arrested as a result of evidence seized during a search and because the evidence seized led to his conviction, the claim of false arrest, if successful, would necessarily call the validity of the conviction into question. *See Queen v. Purser*, 109 Fed. Appx. 659, 660, 2004 WL 1879999, *1 (5th Cir. 2004) (citing *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)). Similarly, because evidence seized was used to convict him, Vafaiyan's claim of unlawful search and seizure, if successful, would necessarily undermine the validity of his conviction. Therefore, Vafaiyan's claims of unlawful search and seizure, false arrest, racial profiling resulting in arrest and

conviction, and his claim of conspiracy to convict are barred until the conditions set forth under *Heck v. Humphrey* are satisfied.

Plaintiff next presents a claim of defamation of character. He alleges that Defendants put him on the news and introduced him as a drug dealer. *Complaint ¶ V*. He claims that the media was used by Defendants to film his arrest in an effort to humiliate him, damage his business and ensure his conviction by causing prejudice among jurors. *Plaintiff's Answers to the Court's Questions No. 2 & 19*.

Plaintiff cannot prevail on this claim. Allegations of an injury solely to a plaintiff's reputation are insufficient to establish § 1983 liability. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990); *Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988); *Savage v. Snow*, 575 F. Supp. 828, 837 (S.D.N.Y. 1983). To establish a federal claim under § 1983, more must be involved than simple defamation, even if the defamatory remarks are uttered by a state actor. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Geter*, 849 F.2d at 1556; *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980). Even a malicious slander or defamation alone does not constitute the deprivation of a liberty interest. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (noting that the Supreme Court's decision in *Paul v. Davis* turned not on the state of mind of the defendant but on the lack of a constitutionally protected in interest in a reputation). To the extent, if any, that Vafaiyan claims the alleged defamation resulted in his conviction, such a claim is barred by *Heck v. Humphrey*.

The Court notes that claims of liable and slander may appropriately be addressed under state tort law. *Paul v. Davis*, 424 U.S. at 712. To the extent that Plaintiff seeks civil redress against Defendants for the alleged injuries to his reputation under state substantive law, this Court is without jurisdiction to entertain his complaint. When a complaint presents no federal question, 28 U.S.C.

§ 1332 requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court. From the face of Plaintiff's complaint, it is apparent that he and Defendants are all citizens of Texas. *Complaint ¶ IV.A & B*. Because there is no diversity of citizenship, Plaintiff's complaint involving defamation of character, construed as a diversity action, is subject to dismissal for lack of jurisdiction.

Even assuming the Court had jurisdiction, Plaintiff's defamation claim would fail. To establish a defamation claim, a plaintiff must prove the following:

1. a false and defamatory statement was made concerning the plaintiff;

2. there was an unprivileged publication to a third party;

3. the publisher was negligent in publishing the defamatory statement, and;

4. the plaintiff suffered damages resulting from publication of the defamatory statement.

*Mitchell v. Random House, Inc.*, 703 F. Supp. 1250, 1255 (S.D. Miss. 1988), *affd.*, 865 F.2d 664 (5th Cir. 1989). "To be actionable as defamation, the statements made must be false and must be clearly directed toward and be of and concerning [the] plaintiff.'" *Id.* Vafaiyan has not alleged any particular statement made by any Defendant. In general he alleges that Defendants used the media to portray him as a drug dealer. Because Vafaiyan was convicted of money laundering arising out of his possession of a controlled drug, he cannot show that the news accounts constituted defamation unless his conviction is overturned.

In his answer to the Court's Question No. 19 (Doc. #8), Vafaiyan asserts additional claims against the City of Wichita Falls. He claims that, starting in the 1980s, city officials abused their power in an effort to make him a law enforcement target. Specifically, Plaintiff claims that city officials threw him out of a city council meeting, issued 22 citations in 3 weeks against 3 of his

properties, fined him without notification, televised his trial, referred to him as a "slum lord" at trial and demolished 5 rental properties while he was in jail. *Plaintiff's Answer to the Court's Question No. 19.*

To the extent that Vafaiyan seeks redress against the City of Wichita Falls for its alleged involvement in a conspiracy that resulted in his current conviction for money laundering, that claim would necessarily imply the invalidity of is conviction and, as such, is precluded by *Heck v. Humphrey*. To the extent that Vafaiyan seeks redress against the City of Wichita Falls for conduct resulting in housing code citations and fines, and a prior conviction, those claims were litigated in *Vafaiyan v. City of Wichita Falls*, 7:00-CV–065-R (N.D. Tex.).

Complaints filed *in forma pauperis* may be dismissed as frivolous when they seek to re-litigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Van Meter v. Morgan,* 518 F.2d 366, 367-68 (8th Cir. 1975); *Ballentine v. Crawford*, 563 F.Supp. 627, 629 (N.D. Ind. 1983). Because Vafaiyan has already litigated his additional claims against Wichita Falls, such claims constitute repetitive litigation. *See Pittman v. Moore*, 980 F.2d at 995 (noting that a plaintiff is entitled to "one bite at the litigation apple - but not more").

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado*

*v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in the instant case establishes that there are no genuine issues of material fact and that Defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, it is ORDERED that *Defendants' Motions for Summary Judgment* are GRANTED. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and with prejudice to it being asserted again unless Plaintiff can demonstrate that the conditions set forth in *Heck v. Humphrey* have been satisfied.[2]

---

[2] Where a § 1983 plaintiff's claims attack the fact or duration of his confinement and such claims are dismissed under *Heck v. Humphrey*, the dismissal should be "with prejudice." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

It is further ORDERED that, to the extent Plaintiff presents claims cognizable in a habeas proceeding, such claims are hereby DISMISSED without prejudice to his right to seek federal habeas relief after fully exhausting state remedies.[3]

It is further ORDERED that Plaintiff's claims of defamation are dismissed for lack of jurisdiction and, alternatively, as frivolous.

It is further ORDERED that Plaintiff's claims against the City of Wichita Falls which involve his rental properties, code violations and a prior conviction are dismissed as duplicative and frivolous.

The Clerk of Court shall transmit copies of this order to Plaintiff and to Counsel for Defendants.

SO ORDERED this 22nd day of September, 2009.

*[signature]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3] *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (requiring exhaustion of available state remedies before a federal court should consider the merits of a state prisoner's claims).